T. D. Cosby, et al., *v.* Luther T. Fenlock, et al.

**Infants—Sale of Real Estate—Descent.**
> The interests of infants in real estate cannot be sold except by following the steps pointed out in the statute.

**Descents.**
> Where land is derived by descent from the mother, the real estate of an infant, by the law of descent, passes to the next of kin on the mother's side.

APPEAL FROM HART CIRCUIT COURT.

October 9, 1874.

Opinion by Judge Pryor:

The interest of the infants in the land could not be sold except in the manner pointed out by the statute. A bond should have been executed, commissioners appointed, and report made as prescribed by the statute, under a petition filed by the statutory guardian.

Unless it is alleged and proven that the interest of each party in the land does not exceed in value $100, this formula is dispensed with and the land may be sold on the petition of any party interested, by making all others parties to the proceeding.

The grandfather of the deceased infant was also entitled to his share in the land. The land was derived by descent from the mother, and in such cases by the law of descent the real estate of the infant passes to the next of kin on the mother's side.

The husband and father of the infant was, however, entitled to curtesy. The unity of possession existed as between all the children of Cosby, and the possession in fact by one, or a tenant under him, was the possession of all.

No title to the interest of the infant defendant passed by the sale under the judgment. The judgment is *reversed* and the cause remanded for further proceedings not inconsistent with this opinion.

*H. C. Martin, for appellants.*
*George Danan, for appellees.*